[No. 17114-1-III. Division Three. February 25, 1999.]

THE KAHUNA LAND COMPANY, *Appellant,* v. SPOKANE COUNTY, *Respondent.*

*Stanley R. Schultz* of *Witherspoon, Kelley, Davenport & Toole, P.S.*; and *Kelly A. Nolen*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Robert B. Binger, Deputy*, for respondent.

KURTZ, J. — The Spokane County Hearing Examiner Committee approved Kahuna Land Company's application for a preliminary subdivision subject to certain conditions. The Board of County Commissioners affirmed the Committee's conditions. Kahuna appeals the conditions requiring it to build a road and connect the sewer through the adjoining land owned by the federal government. It contends these conditions are arbitrary, capricious, clearly erroneous and beyond the Board's authority. It also alleges violation of its constitutional rights. We affirm the superior court's decision which affirmed the Board.

### FACTS

Kahuna owns 11.04 acres of undeveloped land located on a bluff in the Spokane Valley. Eighth Avenue is to the north and Carnahan Avenue is to the west of the property. Because of the site's topography, the only means of access to the site is to the north via Eighth Avenue. Between Kahuna's property and Eighth Avenue is a 38-acre parcel currently owned by the United States government. The Public Health Service, a federal agency, operates a Youth Primary Regional Treatment Center which it recently constructed on that property.

On May 18, 1995, the Spokane County Hearing Examiner Committee considered Kahuna's application for a preliminary plat authorizing the construction of 20 single-family homes on its property. The Committee found that the development was consistent with the existing Urban Residential-3.5 zoning, consistent with the policies and objectives of the Spokane County Comprehensive Plan, and not detrimental to the public health, safety, or welfare.

The Committee approved Kahuna's application and imposed numerous conditions on the development. The following conditions are at issue in this case:

[Hearing Examiner Committee No. 3.] The County Engineer has designated a local access standard for the improvement of unnamed public road, which is to be constructed within the proposed development and extending north to Eighth Avenue. This will require the installation of 30 feet of asphalt in width within the development and 30 feet in width beginning at the [sic] of the plat boundary and extending north to Eighth Avenue. The construction of curbing is also required within the proposed subdivision and not required outside of the plat boundary.[1]

[Division of Engineering and Roads No. 18.] The County Engineer has examined this development proposal and has determined that the impact of this proposal upon the existing county road system warrants the dedication of additional right-of-way and the roadway improvements herein specified.

[Division of Utilities No. 2.] A wet (live) sewer connection to the area-wide Public Sewer System is to be constructed. Sewer connection permit is required.

Kahuna appealed these and other conditions to the Board on May 24, 1995.

On July 18, 1995, the Board held a public hearing on Kahuna's appeal. The Board entered its final decision, consisting of "Findings of Fact, Decision and Conditions" on June 4, 1996. Although the Board deleted some of the conditions imposed by the Committee, it failed to modify the requirements that Kahuna construct a road and connect to the sewer that runs through the federal property.

A substantial portion of the roadway which Kahuna proposed to use to access the preliminary plat has been improved by the Youth Primary Regional Treatment Center, but Kahuna alleges it will still cost it about $184,899 to construct the required road and sewer improvements through the federal government's property. Kahuna alleges this expense will result in its losing all profit from the development. On November 19, 1997, the superior

---

[1]This condition modified Division of Engineering and Roads No. 16, which Kahuna also challenges.

court denied Kahuna's Land Use Petition, thereby affirming the Board's decision to approve Kahuna's application for a preliminary plat with the conditions attached. Kahuna appeals.

## ANALYSIS

Kahuna contends the conditions imposed by the Board are an unconstitutional taking of Kahuna's property. Kahuna notes an unconstitutional taking occurs if a land use regulation denies a landowner economically viable use of its property. According to Kahuna, that is exactly what occurred in this case. Kahuna maintains the conditions imposed by the Board make it impossible for Kahuna or any other landowner to economically utilize this property. Kahuna argues the conditions do more than merely protect the public interest in health, safety, the environment or the fiscal integrity of an area. Instead, the conditions require Kahuna to confer an affirmative benefit on the federal government by constructing a road and improving sewer lines on the adjoining property.

In addition to being unconstitutional as a taking of its property, Kahuna maintains the conditions are subject to separate scrutiny under the due process clause. Kahuna argues the conditions violate its right to substantive due process because the conditions do not achieve a legitimate public purpose and there are means less oppressive on Kahuna. First, Kahuna states Spokane County could form a road improvement district and assess the costs of road construction on all neighboring property owners. Second, Kahuna asserts the County could have required the federal government to extend road and sewer improvements to the boundary between the federal government's property and Kahuna's land. Third, Kahuna believes the County could have exercised more diligence in overseeing the federal government's construction of sewer lines and a roadway across the federal property.

Finally, Kahuna contends the Board erroneously inter-

preted the statute which authorizes the Board to impose the conditions on its development. Consequently, Kahuna believes the Board went beyond its statutory powers. Kahuna argues the conditions are unconstitutional, an unlawful taking, and violative of substantive due process; as such, the conditions are arbitrary and capricious.

The Land Use Petition Act, RCW 36.70C.130, authorizes this court to overturn the Board's decision if, among other things, the decision: (1) is an erroneous interpretation of the law; (2) is a clearly erroneous application of law to facts; (3) is outside the authority or jurisdiction of the body making the decision; or (4) violates the constitutional rights of the party seeking relief. The court's review is limited to the record that was before the Board. RCW 36.70C.120.

■ ■ Where a land use decision is challenged under both takings and substantive due process, we must first examine the takings issue. *Guimont v. Clarke*, 121 Wn.2d 586, 594, 854 P.2d 1 (1993). A takings claim must pass two threshold questions. The first question is whether the decision denies the owner a fundamental attribute of property ownership which includes the right to possess the property, to exclude others from the property, to dispose of the property, or to make some economically viable use of the property. *Id.* at 601-02; *Margola Assocs. v. City of Seattle*, 121 Wn.2d 625, 643-44, 854 P.2d 23 (1993); *Presbytery of Seattle v. King County*, 114 Wn.2d 320, 329-30, 787 P.2d 907 (1990). A property owner alleging an unconstitutional taking bears the burden of establishing the challenged regulation destroys one of these fundamental attributes of ownership. *Guimont*, 121 Wn.2d at 604-05; *Ventures N.W. Ltd. Partnership v. State*, 81 Wn. App. 353, 363, 914 P.2d 1180 (1996). The landowner must have the opportunity to prove at the outset that the regulation either physically "invades" his or her property, or constitutes a "total taking" by denying all economically beneficial or productive use of the property. *Guimont*, 121 Wn.2d at 602; *Margola*, 121 Wn.2d at 644.

If the landowner does not meet any part of the first threshold question, then we address whether the ordinance merely protects the public interest in "health, safety, the environment or the fiscal integrity of an area," or whether it goes further by requiring that the regulated party confer a public benefit. *Guimont*, 121 Wn.2d at 603 (citing *Robinson v. City of Seattle*, 119 Wn.2d 34, 49, 830 P.2d 318 (1992)); *see Sintra, Inc. v. City of Seattle*, 119 Wn.2d 1, 14-15, 829 P.2d 765 (1992). If the claimant fails to meet the second threshold question as well, then we proceed to the substantive due process claim. *Guimont*, 121 Wn.2d at 594.

Kahuna claims that the conditions imposed by the Board make it impossible for Kahuna or any other landowner to economically utilize this property. However, Kahuna still maintains all the rights of ownership to the property and can still develop the land, even if not to the extent it desires. The record indicates there is access to the property and there may be uses for the land other than a development of single family residences. Thus, the property still has economic viability.

Kahuna also argues that the conditions require it to confer an affirmative benefit on the federal government by constructing a road and improving sewer lines on the federal property. The extension of the road and sewer lines to Kahuna's property does not confer a public benefit, but would be solely for the benefit of Kahuna. The Youth Primary Regional Treatment Center has no need for the road and sewer lines to be extended. Therefore, Kahuna's takings claim does not pass the threshold requirements.

██ Even if a land use decision is not deemed to be a regulatory taking, it must still pass the constitutional due process test of reasonableness. *Presbytery*, 114 Wn.2d at 330. The *Presbytery* court established a three-prong test for making this determination: (1) Is the decision aimed at achieving a legitimate public purpose; (2) does it use means that are reasonably necessary to achieve that purpose; and (3) is it unduly oppressive to the landowner? *Id.*

Kahuna claims the Board's conditions are unduly oppres-

sive and unreasonable because there were several less oppressive ways to ensure road and sewer access to Kahuna's development. Kahuna suggests the County could form a road improvement district and assess the costs of road construction on all neighboring property owners or require the federal government to extend the road and sewer lines to Kahuna's property.

 The conditions placed on Kahuna's development serve the legitimate public purpose of insuring adequate access to the property and sanitary disposal of waste. Requiring Kahuna to connect the road and sewer to existing services was reasonably necessary and not unduly oppressive. Simply because Kahuna bought a remote piece of property and developed unrealistic plans to make money off the use of the land, the surrounding landowners should not have to pay for roads and sewers so Kahuna can make a profit. As the County points out, any alleged oppressive impact on Kahuna results from the inaccessibility and hilly, rocky terrain of the site, not the conditions of approval. Kahuna's substantive due process rights were not violated.

Kahuna has not met its burden of establishing that one or more of the review standards of RCW 36.70C.130 have been met. The conditions are not arbitrary and capricious or clearly erroneous, nor did the Board exceed its authority.

Affirmed.

SCHULTHEIS, C.J., and BROWN, J., concur.